## D. A. PARVIN *v.* H. R. McBRIDE, ET AL.

1. Usurious interest will be deducted by the court whenever it appears that the creditor has received a greater interest than the law permitted, and the transaction is a loan, or an ordinary purchase.

2. Whenever exorbitant interest has been paid, it is a liquidation *pro tanto* of the principal, whenever the court is so advised of the fact; and any party to the instrument may claim the privilege thus allowed.

3. If, however, the note represents a single transaction, and the holder has sold it *bona fide*, for a sum less than its value, a different rule obtains; it is then a purchase, like that of any other chattel; and as the maker would be liable to discharge it, at all events, he can not complain that his paper is sold below its intrinsic value.

4. Where the original note was given for a loan, and the subsequent renewals have been granted upon the same terms upon which that loan was made, the party is entitled to the deduction of the usurious interest.

5. It is immaterial whether the parties agree to the usurious interest or not; if it appears, on trial, that it has been paid or demanded, no judgment can be rendered which includes it.

SPECIAL TERM.—Action on a promissory note.

The facts are sufficiently stated in the decision.

*T. M. Key*, for plaintiff.

*J. G. Gibbons*, for defendant McBride.

STORER, J. The plaintiff seeks to recover on a promissory note for $400, dated June 26, 1857.

It is set up as a defense by McBride, the maker, that the note was made for the accommodation of the indorser, and the fact was proved. It is further alleged, that the note was the substitute or renewal of another, which was also given for a promissory note discounted by the plaintiff for the benefit of Snow, the indorser, who has paid from April 19, 1856, till March last, interest at the rate of three per cent. a month. McBride claims that the excess of interest, over six per cent., shall be deducted from the note, and acknowledges judgment may be rendered for the residue.

The plaintiff admits the payment of excessive interest, but denies, when he discounted the first note, that McBride was not the real maker. It is also in proof, that the first note was made for the same sum as that now in controversy, and the loan, originally made, is the consideration upon which this

note is founded. No objection to a judgment for the whole amount of the note is interposed by the indorser, Snow; and it is argued by the plaintiff's counsel, that the defendant, McBride, can not recoup the excess of interest.

Previous to the statute of February 18, 1848, payments of interest, however excessive, when once made, could not be recovered back, or allowed to the debtor. Both parties to the contract were held to be in *pari delicto*, and, therefore, without the protection of the law, 6 Ohio, 513, *Reddish Exec* v. *Watson;* 11 Ib. 417, *Shelton, et al.* v. *Gill, et al.;* 12 Ib. 544, *Spalding* v. *Bank of Muskingum.* The object of the statute, last referred to, unquestionably was to remedy the supposed mischief that followed the previous decisions of the court. It requires " that judgment shall be rendered for no more than the balance found due, after deducting the excess of interest so paid." No mention is made of the party who may have paid it, nor is the right to recover it, in terms, confined to him.

It appears that interest has been received, by the creditor, greater than the law permitted, and the transaction is a loan, or an ordinary purchase, for which the note was given; we think it was the intention of the legislature to allow the deduction whenever a suit was brought.

Wherever, to use the language of the statute, exorbitant interest has been paid, it is a liquidation, *pro tanto*, of the principal, whenever the court is so advised of the fact; and any party to the instrument may claim the privilege thus allowed.

If, however, the note represents a single transaction, and the holder has sold it, *bona fide*, for a sum less than its value, a different rule obtains; it is then a purchase, like that of any other chattel, and as the maker would be liable to discharge it, at all events, he can not complain that his paper is sold below its intrinsic value.

But where, as in the present case, the original note was given for a loan, and the subsequent renewals have been granted on the same terms upon which that loan was made, we must hold that McBride is entitled to the deduction he claims.

We are also satisfied that by any other construction the court would permit a contract to be enforced, which is forbidden by law. This, it was held, could not be done under the law of 1824, 7 Ohio, part 1, 81, *La Fayette Benefit Soc.* v. *Lewis.* That statute is still in force. The law of 1848 only amended it, and the prohibition against excessive interest is unimpaired.

It is immaterial, we apprehend, whether the parties agree to the usurious interest or not, if it appears on trial that it has been paid, or is demanded by the contract, no judgment can be rendered which includes it.

We are convinced that when the plaintiff received the present note, it was for the benefit of Snow, and McBride was in reality the surety. The judgment, therefore, will be rendered against both defendants, for the amount of the principal, deducting the excess of all interest paid since the first note was discounted, and it will be entered that Snow is the principal debtor and McBride the surety.